

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Miguel RAMIREZ-Ortiz,<br><br>Defendant. | Case No.:  **20CR2667-GPC**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on December 7, 2020, to determine whether the defendant, Miguel RAMIREZ-Ortiz, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Rosario Gonzalez appeared on behalf of the United States. Zainab Khan of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' report, and the criminal complaint issued against the Defendant on August 19, 2020 by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

# I

# **FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged by Indictment in Criminal Case No. 20CR2667-GPC (Criminal Complaint No. 20MJ2614-RBM) with the possession of 1.20 kilograms (2.64 pounds) of a mixture or substance containing a detectable amount of methamphetamine with intent to distribute, in violation of Title 21, U.S.C., § 841(a)(1). Therefore, probable cause exists to believe the Defendant committed the charged offenses.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u>, 18 U.S.C. § 3142(e).

3. The offense charged carries with it a minimum mandatory sentence of 10 years and a maximum sentence of life. <u>See</u>, 21 U.S.C. § 841 (b)(1)(A)(viii). According to the United States Sentencing Guidelines, the Base Offense level is 30. <u>See</u>, USSG § 2D1.1(c)(5). Assuming the Defendant's criminal history score places him in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 97-121 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))</u>:

1. On August 5, 2020, at approximately 6:45 p.m., Border Patrol Agent (BPA) A. Alcala was assigned as the Remote Video Surveillance System (RVSS) operator. BPA Alcala alerted BPA A. Gomes that an individual was recovering items near the International Border Fence (IBF) between Mexico and the United States, just south of an apartment complex.

2. Moments later, BPA Gomes observed a male, later identified as Miguel RAMIREZ (RAMIREZ), reach over a cinderblock wall south of the apartment complex and discard a black round object then immediately walk westbound from the area. RVSS

Operator Alcala also observed the same subject drop several objects over the cinderblock wall. BPA Garcia responded to the area and located the packages at the direction of BPA Alcala. BPA Garcia identified the packages to appear consistent with narcotic packaging. BPA Garcia then made contact with RAMIREZ and BPA Gomes identified RAMIREZ as the individual he observed discarding the object.

3. A total of 5 black taped bundles of narcotics were seized and RAMIREZ was taken into custody. BPAs later tested the substance with a Narcotics Identification System which tested positive for the properties of methamphetamine. The packages containing methamphetamine had a total weight of 1.20 kilograms (2.64 pounds).

4. BPAs contacted the Drug Enforcement Administration's (DEA) Imperial County District Office (ICDO). DEA Agents responded to the USBP Calexico Station and took custody of RAMIREZ and the suspected drugs.

5. RAMIREZ was placed under arrest and charged with a violation of Title 21, United States Code, 841(a)(1), Possession with Intent to Distribute a Controlled Substance, and was issued a Notice to Appear dated November 13, 2020 at 8:00 a.m. On November 13, 2020, RAMIREZ failed to appear for initial appearance. An arrest warrant was issued and RAMIREZ was arrested on November 17, 2020.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))</u>:

1. Defendant lacks substantial financial resources and assets in the United States.

2. Defendant has a substance abuse history. The PTS Report indicates he is currently using heroin on a daily basis as stated during his interview with PTS.

3. Defendant has a history of criminal activity while on supervision and is currently on probation.

4. Defendant has a history of failing to appear.

5. Defendant has a history of probation violations, parole violations and violations of Supervised Release.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4))</u>:

The government proffered no evidence to suggest that release of the Defendant

3

would pose a danger to any person or the community. However, Defendant has a lengthy criminal history that spans over 20 years and includes multiple prior convictions. Defendant also has a history of probation violations and Supervised Release violations.

## II

## **REASONS FOR DETENTION**

A.  There is probable cause to believe that the Defendant committed the offense charged in Criminal Case No. 20CR2667-GPC: to wit, the possession of 1.20 kilograms (2.64 pounds) of a mixture or substance containing a detectable amount of methamphetamine with intent to distribute, in violation of Title 21, U.S.C., § 841(a)(1).

B.  Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

C.  Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings. See, 18 U.S.C. § 3142 (e).

## III

## **ORDER**

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

//
//
//
//
//

|   |   |
|---|---|
| 1 | While in custody, upon order of a court of the United States or upon the request of |
| 2 | an attorney for the United States, the person in charge of the correctional facility shall |
| 3 | deliver the Defendant to the United States Marshal for the purpose of an appearance in |
| 4 | connection with a court proceeding or any other appearance stipulated to by defense and |
| 5 | government counsel. |

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 12/31/2020

_____
HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

ROBERT S. BREWER, JR
United States Attorney

_____
Rosario Gonzalez
Assistant U.S. Attorney

cc: Zainab Khan
    Federal Defenders of San Diego, Inc.

5